# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | No. 03-20003-CM-3 |
| | ) | No. 05-3384-CM |
| DAIMON T. PORTER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On January 9, 2003, defendant Daimon T. Porter, along with nine other co-defendants, was charged in the United States District Court for the District of Kansas with five counts of a nine-count indictment: Count One - conspiracy to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii); Count Two - engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848; Counts Three and Four - maintaining a residence for the purpose of distributing cocaine base and aiding and abetting in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2; and Count Nine - possession with the intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii) and 18 U.S.C. § 2.  On August 18, 2003, defendant entered into a plea agreement with the United States and pleaded guilty to Count Two of the indictment.  The plea agreement included a statement that defendant "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence," including his right to file a motion under 28 U.S.C. § 2255.

Defendant was sentenced to 180 months imprisonment on September 13, 2004.  On September

26, 2005, defendant filed a *pro se* Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 405).  Defendant argues that the indictment and the plea agreement are fatally flawed because they fail to set forth the essential facts necessary to constitute the continuing criminal enterprise offense, and therefore violate the Fifth Amendment.  Specifically, defendant argues that the second element of a continuing criminal enterprise offense requires "a continuing series"—meaning three or more—of drug-related violations to support the conviction.  In response, the government filed Respondent's Motion for Enforcement of the Plea Agreement (Doc. 408).  The government asks the court to enforce the plea agreement in which defendant waived his right to collaterally attack any matter in connection with his conviction and sentence.  The government did not specifically address the merits of defendant's § 2255 motion.

## I.    Indictment

Defendant argues that Count Two of the indictment fails to set forth the essential elements of the charge necessary to establish a conviction.  The court disagrees.  In *United States v. Staggs*, 881 F.2d 1527 (10th Cir. 1989), the Tenth Circuit held that "a [continuing criminal enterprise] indictment is sufficient where, as here, the [continuing criminal enterprise] counts charge appellants in the language of the statute, and the indictment additionally alleges at least three violations in another count or counts."  881 F.2d at 1531 (citations omitted).  Here, both requirements of *Staggs* are met.

First, Count Two of the indictment tracks the language of 21 U.S.C. § 848.  Pursuant to § 848, a defendant may be convicted of a continuing criminal enterprise charge if:

> (1) he violates any provision of this subchapter or subchapter II of this chapter the punishment for which is a felony, and

> (2) such violation is a part of a continuing series of violations . . .
>
> (A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and
>
> (B) from which such person obtains substantial income or resources.

*Id.* § 848(c).  Count Two of the indictment follows this language precisely by stating that defendant, along with his co-defendants,

> unlawfully, knowingly and intentionally engaged in a continuing criminal enterprise, . . . that is the distribution and possession with the intent to distribute cocaine base (crack), in violation of Title 21, United States Code, Section 841(a)(1), and the maintaining of a place for the possession and distribution of cocaine base (crack) in violation of Title 21, United States Code, Section 856 which were part of a continuing series of violations of Title 21, United States Code, and were undertaken in concert with five or more persons with respect to whom [defendant and other the co-defendants] . . . occupied a position of organizer, supervisor and manager [and] . . . derived substantial income or resources from the continuing criminal enterprise in violation of Title 21, United States Code, Section 848.

(Doc. 1 at 3).   The court finds that Count Two of the indictment clearly sets forth the essential elements of § 848.  Second, the indictment charges defendant with four other drug-related charges in Counts One, Three, Four and Nine.  Therefore, the court finds that the indictment is sufficient pursuant to *Staggs*.

In his reply motion, defendant also argues that his waiver is unenforceable because this court does not have subject matter jurisdiction over cases in which the indictment does not set forth the essential elements of the offense charged, and neither party may waive subject matter jurisdiction.  In light of the court's previous findings, the court finds this argument is without merit.

## II.   Plea Agreement

Defendant did not specifically argue that his plea agreement is unlawful.  However, defendant

-3-

alluded to this argument several times in his § 2255 motion.  As such, out of an abundance of caution, the court will address the enforceability of his plea agreement.

The court will hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998).  Generally, a knowing and voluntary waiver of § 2255 rights is enforceable.  *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001).  The court applies a three-pronged analysis to evaluate the enforceability of such a waiver, in which the court must determine: (1) whether the scope of the waiver covers the disputed issue; (2) whether the defendant knowingly and voluntarily waived his rights; and (3) whether enforcement of the waiver would result in a miscarriage of justice.  *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

**A.      Scope of the Waiver**

In determining whether the disputed issue falls within the scope of the waiver, the court begins with the plain language of the plea agreement.  *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328.  The pertinent provision in defendant's plea agreement provides:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence.  The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed.  By entering into this agreement, the defendant knowingly waives any right to appeal the conviction and sentence imposed which is within the guideline range determined appropriate by the court.  The defendant also waives any right to challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)].  In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.

The court construes the plea agreement "according to contract principles and what the defendant

reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted).  The court strictly construes the waiver and resolves any ambiguities against the government.  *Hahn*, 359 F.3d at 1343.

The court finds that the issue here—whether defendant's plea agreement sets forth the essential elements necessary to prove a continuing criminal enterprise charge—falls squarely within the scope of his waiver.

**B.    *Knowing and Voluntary***

Although defendant did not argue that his guilty plea was not knowing or voluntary, the court will analyze this element in light of defendant's argument that he pleaded guilty to an unlawful offense.  The essential elements of a continuing criminal enterprise charge under 21 U.S.C. § 848 are:

> (1) a continuing series of violations of the Controlled Substance Act of 1970, 21 U.S.C. *et. seq.* [sic], (2) the violations were undertaken in concert with five or more other persons with respect to whom the accused acted as organizer, supervisor or manager, and (3) from which the accused obtained substantial income or resources.

*Staggs*, 881 F.2d at 1529 (citing *United States v. Hall*, 843 F.2d 408, 410 (10th Cir. 1988)).  Generally, the court requires proof of three or more related violations to satisfy element one.  *Id.* (citing *United States v. Apodaca*, 843 F.2d 421, 427 (10th Cir. 1988)); *Hall*, 843 F.2d at 411.

The United States Supreme Court has held that "a jury in a federal criminal case brought under § 848 must unanimously agree not only that the defendant committed some 'continuing series of violations' but also that the defendant committed each of the individual 'violations' necessary to make up that 'continuing series.'"  *Richardson v. United States*, 526 U.S. 813, 815 (1999).  In interpreting *Richardson*, the Tenth Circuit has held "*Richardson* does not require a conviction on all of the violations

that make up the 'series of violations.'  Instead, the . . . holding merely requires the jury to unanimously determine which violations make up the series."  *United States v. Almaraz*, 306 F.3d 1031, 1038 (10th Cir. 2002).

Here, when defendant pleaded guilty to Count Two, the government dismissed the other drug-related charges against him.  Therefore, defendant did not plead guilty to other counts involving related violations, nor did a jury unanimously decide the violations that make up the "continuing series of violations."  The court is left to consider how to apply *Richardson* to the instant facts.  Notably, neither party cited, nor was the court able to find, Tenth Circuit caselaw applying *Richardson* to a § 2255 motion in which the defendant argues that he pleaded guilty to 21 U.S.C. § 848 but did not plead guilty to related violations.  *But see DeCato v. United States*, 51 Fed. Appx. 888, 891 (1st Cir. 2002) (relying on *Richardson*, inter alia, in denying the defendant's § 2255 motion and finding that (1) at the time of the defendant's guilty plea, *Richardson* was not so novel as to create cause for counsel's failure to raise the issue earlier, and (2) there was no prejudice or evidence of the defendant's innocence).

Nevertheless, the court finds that the factual basis of defendant's plea agreement satisfies *Richardson*.  The factual basis of the plea agreement, in its relevant part, provides:

> Between October 2, 2002 and October 21, 2002, members of the Federal Bureau of Investigation (FBI) began monitoring a court authorized Closed Circuit Television Unit within 2830 N. 12th Street, in Kansas City, Kansas.  During that time frame, the defendant was observed on *numerous occasions* selling crack cocaine or providing security or money to the crack operation.

(Doc. 187) (emphasis added).  The factual basis also gives details into defendant's involvement as a manager of the "crack cocaine organization," and as the manager of another crack house.  *Id.*  The court finds that the plain meaning of the last sentence of the above-mentioned factual basis is that defendant was

-6-

observed selling crack cocaine on at least three occasions.  Each sale of crack cocaine constitutes a

violation in satisfaction of *Richardson*.  *See generally* 21 U.S.C. § 841; *see also United States v.*

*Demeree*, 108 Fed. Appx. 602, 605 (10th Cir. 2004) ("The record contains overwhelming evidence that

[the defendant] possessed a sizable quantity of methamphetamine on at least one occasion, which

constitutes a predicate violation for a [continuing criminal enterprise] conviction.").  Therefore, the court

finds that by pleading guilty to the above-mentioned facts, defendant knowingly pleaded guilty to the

"continuing series of violations" necessary to prove Count Two.

Finally, defendant's plea petition and plea colloquy demonstrate that defendant's decision to plead

guilty was knowing and voluntary.  During the change of plea hearing, the court examined both defendant

and his counsel about defendant's knowledge and understanding of the plea agreement:

> THE COURT:  In regards to Count Two, Count Two is charging you with
> a violation of Title 21, United States Code, Section 848, which is being
> engaged in a continuing criminal enterprise.  Are you requesting that the
> court read to you the entire charge as it's set out in Count Two of the
> indictment?
> THE DEFENDANT:  I understand what I'm charged with.
> THE COURT:  Has your attorney gone over with you that charge in Count
> Two?
> THE DEFENDANT:  Yes.
> THE COURT:  Has he explained to you what that charge is about?
> THE DEFENDANT:  Yes.
> THE COURT:  Has he also explained to you the consequences of entering
> a guilty plea to that charge?
> THE DEFENDANT:  Yes.
> THE COURT:  Mr. Gyllenborg, is it your statement to the court that you've
> gone over the charge in Count Two with Mr. Porter, explained to him the
> nature of the charge as it's set out, as well as the consequences of entering
> a guilty plea to that charge?
> MR. GYLLENBORG:  I have, Your Honor, and I believe he understands
> those things as well.

. . .

-7-

THE COURT:  Other than the plea agreement that we've just went over here in court, has anyone made any sort of promise to you in order for you to plead guilty?

THE DEFENDANT:  No, Your Honor.

THE COURT:  Has anyone forced or threatened you in order for you to plead guilty?

THE DEFENDANT:  No, Your Honor.

THE COURT:  Are you telling the court that you're pleading guilty freely and voluntarily and of your own free will?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And are you telling the court that the only reason that you're pleading guilty to this offense is because you are in fact guilty of the offense charged?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Have you gone over with your attorney a petition to enter a plea of guilty?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Has he explained to you what's contained in that petition?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And also the consequences of you signing that petition?

THE DEFENDANT:  I haven't signed it yet.

THE COURT:  Okay.  Do you have any questions about any of the matters covered in that petition?

THE DEFENDANT:  No, Your Honor.

THE COURT:  Do you understand that the answers that you made to the questions in that petition as well as the answers you're giving to all the court's questions today are all being made under oath to tell the truth?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Mr. Gyllenborg, is it your statement to the court that you've gone over the plea petition with Mr. Porter, explained to him the contents of the petition?

MR. GYLLENBORG:  Yes.

THE COURT:  Have you also explained to him the consequence of him signing that petition?

MR. GYLLENBORG:  Yes.

(Doc. 407 at 4-5, 19-21).  Defendant's plea petition also discusses at length defendant's understanding of the indictment and the fact that he voluntarily chose to plead guilty.  Accordingly, the court finds that defendant knowingly and voluntarily pleaded guilty.

-8-

### C.      *Miscarriage of Justice*

Enforcing a waiver results in a miscarriage of justice only if (1) the court relied on an impermissible factor such as race; (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327. "[T]o satisfy the fourth . . . factor - where the error is otherwise unlawful - 'the error [must] seriously affect[ ] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). Defendant bears the burden of establishing that the court's enforcement of a waiver results in a miscarriage of justice. *Anderson*, 374 F.3d at 959.

Defendant has not made any specific arguments with respect to any of these factors. Having found that defendant's argument in support of his § 2255 petition is without merit, the court finds that defendant has not met his burden of establishing that enforcement of his waiver will result in a miscarriage of justice.

**IT IS THEREFORE ORDERED** that defendant's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 405) is denied.

**IT IS FURTHER ORDERED** that Respondent's Motion for Enforcement of the Plea Agreement (Doc. 408) is granted.

Dated this 11th day of July 2006, at Kansas City, Kansas.

    **/s Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**